UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TYRONE WEBER | CIVIL ACTION |
| VERSUS | NO. 23-2003 |
| DEPUTY JOHN LEREAUX, ET AL. | SECTION "T" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff Tyrone Weber filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants Deputy John Lereaux, Deputy Jeremy Puckett, and Lt. Brett Exnicious alleging that, on May 23, 2023, after complaining that money was not properly deposited into his account, he was pushed by a deputy and another deputy pulled his grievance complaint paper out of his hands causing pain in his already injured hand.[1]  Weber did not pay the filing fee or file a certification of his inmate accounts with his motion to proceed *in forma pauperis*.[2]  He also failed to provide necessary descriptive and contact information about the defendants on his form complaint.[3]

On June 12, 2023, the clerk of this Court sent Weber a notice of these deficiencies, which required him to complete the defendant information section on pages 3 and 4 of the form complaint and file a properly completed and certified pauper application within twenty-one (21) days of the date of the notice.[4]  Weber responded to the notice by returning one page (page 3) but did not provide the required information or return the completed page 4.[5]  He also returned the pauper

---

[1] ECF No. 1 (Deficient Complaint) ¶IV, at 4.
[2] ECF No. 2.
[3] ECF No. 1 at 3-4.
[4] ECF No. 3.
[5] ECF No. 4, at 1.

application with a partially completed and unverified certification of his inmate account information.[6]

Because of the remaining deficiencies, I issued an order on June 27, 2023, for Weber to show cause on or before July 18, 2023, why his § 1983 complaint should not be dismissed for his failure to prosecute.[7] The envelope containing the order has not been returned as undelivered. Weber did not respond to the show cause order or submit the corrected complaint and pauper application.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.[8] In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[9] Because plaintiff is proceeding *pro se*, it is apparent that this Court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[10] A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[11]

---

[6] ECF No. 5, at 2. It appears that Weber may have completed parts of the certification himself without obtaining a valid signature from a prison official.
[7] ECF No. 6.
[8] *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).
[9] *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986).
[10] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[11] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.

All litigants are obligated to keep the court advised of any address change.[12] In addition, the complaint form used by Weber to institute this action contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[13] "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[14]

To date, Weber has not provided the information requested or a different address or otherwise contacted the court about his case. His failure to comply with the court's rules and orders has created delay in the court's ability to efficiently manage the case. This delay is caused by and attributable to Weber himself, justifying dismissal of his complaint for failure to prosecute.[15]

In a final effort to provide Weber with an opportunity to show cause why his claims should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge. Weber is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. It is suggested to Weber that any objection should contain a short summary of the reasons why he failed to comply with the clerk's deficiency notice and court's previous order. Weber is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

---

[12] *See* L.R. 11.1 and L.R. 41.3.1.
[13] ECF No. 1, ¶VI(2), at 5 (Plaintiff's Declaration).
[14] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).
[15] *See Torns v. State of Miss. Dept. of Corrs.*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgt. Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

Weber also is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[16]

## RECOMMENDATION

It is **RECOMMENDED** that plaintiff Tyrone Weber's 42 U.S.C. § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. PROC. 41(b).

New Orleans, Louisiana, this 11th day of August, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[16] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).